# IN THE UNITED STATES DISTRICT COURT
# FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

MARC CAMEAU,

    Plaintiff,

CIVIL ACTION NO. 3:10-CV-1249

(JUDGE CAPUTO)

MOUNT AIRY #1 LLC, t/a MOUNT AIRY
CASINO RESORT, MARY RAKUS,
YOKASTA (LNU), and DONALD
BUZNEY,

    Defendants,

## MEMORANDUM

Presently before the Court is Defendants' Motion to Dismiss (Doc. 13) Plaintiff's Amended Complaint (Doc. 12). For the reasons stated below, the Motion will be granted in part and denied in part.

## BACKGROUND

The facts alleged in the Complaint are as follows. Plaintiff is an African-American individual who was born in Haiti and currently resides in East Stroudsburg, Pennsylvania. Plaintiff began working for Defendant Mount Airy Casino Resort ("the Resort") in October 2007 as a Valet Parking\Transportation Manager. Plaintiff had previously managed a parking lot at La Guardia International Airport for five years, and had extensive experience managing parking services. The Traffic Manager position which Plaintiff held required five years experience according to the Resort's policies. Plaintiff was the only African-American manager at the Resort. From the beginning of his employment with the Resort, Defendant Rakus treated Plaintiff differently then she treated the other, white managers. This treatment included subjecting Plaintiff to intense scrutiny and continually second-guessing

the Plaintiff, even though Defendant Rakus had no experience related to traffic management. Defendant Rakus also continually interfered with Plaintiff's scheduling decisions, which often resulted in too few or too many employees being on duty. When Plaintiff complained of this treatment, Defendant Rakus issued Plaintiff a disciplinary notice on March 24, 2008. Defendant Rakus also forbade Plaintiff from sending home unneeded parking attendants, even though there was insufficient traffic to justify their presence. On May 28, 2008, the Resort was running a car raffle. Plaintiff, expecting a significant amount of increased traffic, scheduled additional attendants and told them that all keys would be left in the cars in order to prevent delays. Defendant again countermanded Plaintiff's decisions, leading to significant delays and general chaos in the parking garage. As a result of this event, Defendants Rakus and Buzzny, with the acquiescence of Defendant Yocasta, a Human Resources manager, fired Plaintiff on May 30, 2008. After Plaintiff was terminated, he was replaced by a Caucasian female, who had been trained by the Plaintiff.

Plaintiff filed a Complaint on June 14, 2010 (Doc. 1), followed by an Amended Complaint on September 20, 2010 (Doc. 12). In his Amended Complaint, Plaintiff brings claims for Violation of Title VII (Count I), Violation of the Pennsylvania Human Relations Act ("PHRA") (Count II), Negligent Violation of Title VII (Count III), Violation of 42 U.S.C. § 1981 (Count IV), and Punitive Damages. Defendants filed a Motion to Dismiss pursuant to Fed. R. Civ. P. 12(b)(6) on October 4, 2010. (Doc. 13.)

## **LEGAL STANDARD**

Federal Rule of Civil Procedure 12(b)(6) provides for the dismissal of a complaint, in whole or in part, for failure to state a claim upon which relief can be granted. Dismissal is appropriate only if, accepting as true all the facts alleged in the complaint, a plaintiff has

not pleaded "enough facts to state a claim to relief that is plausible on its face," *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007), meaning enough factual allegations "'to raise a reasonable expectation that discovery will reveal evidence of'" each necessary element, *Phillips v. County of Allegheny*, 515 F.3d 224, 234 (3d Cir. 2008) (quoting *Twombly*, 550 U.S. at 556); *see also Kost v. Kozakiewicz*, 1 F.3d 176, 183 (3d Cir. 1993) (requiring a complaint to set forth information from which each element of a claim may be inferred). In light of Federal Rule of Civil Procedure 8(a)(2), the statement need only "'give the defendant fair notice of what the ... claim is and the grounds upon which it rests.'" *Erickson v. Pardus*, 551 U.S. 89, 93 (2007) (per curiam) (quoting *Twombly*, 550 U.S. at 555). "[T]he factual detail in a complaint [must not be] so undeveloped that it does not provide a defendant [with] the type of notice of claim which is contemplated by Rule 8." *Phillips*, 515 F.3d at 232; *see also Airborne Beepers & Video, Inc. v. AT&T Mobility LLC*, 499 F.3d 663, 667 (7th Cir. 2007).

In deciding a motion to dismiss, the Court should consider the allegations in the complaint, exhibits attached to the complaint, and matters of public record. *See Pension Benefit Guar. Corp. v. White Consol. Indus., Inc.*, 998 F.2d 1192, 1196 (3d Cir. 1993). The Court may also consider "undisputedly authentic" documents when the plaintiff's claims are based on the documents and the defendant has attached copies of the documents to the motion to dismiss. *Id.* The Court need not assume the plaintiff can prove facts that were not alleged in the complaint, *see City of Pittsburgh v. W. Penn Power Co.*, 147 F.3d 256, 263 & n.13 (3d Cir. 1998), or credit a complaint's "'bald assertions'" or "'legal conclusions,'" *Morse v. Lower Merion Sch. Dist.,* 132 F.3d 902, 906 (3d Cir. 1997) (quoting *In re Burlington*

*Coat Factory Sec. Litig.*, 114 F.3d 1410, 1429-30 (3d Cir. 1997)). "While legal conclusions can provide the framework of a complaint, they must be supported by factual allegations." *Ashcroft v. Iqbal*, 129 S. Ct. 1937, 1950 (2009).

When considering a Rule 12(b)(6) motion, the Court's role is limited to determining if a plaintiff is entitled to offer evidence in support of her claims. *See Scheuer v. Rhodes,* 416 U.S. 232, 236 (1974). The Court does not consider whether a plaintiff will ultimately prevail. *See id.* A defendant bears the burden of establishing that a plaintiff's complaint fails to state a claim. *See Gould Elecs. v. United States,* 220 F.3d 169, 178 (3d Cir. 2000).

## DISCUSSION

### I. Defendants Yokasta and Buzzny and the Hostile Work Environment Claim

As an initial matter, all claims as to Defendants Yokasta and Buzzny will be dismissed. Plaintiff's Complaint contains no allegations that Defendants Yokasta and Buzzny participated in the alleged discrimination against Plaintiff or knew or should have known in any sense that any alleged discrimination took place. Furthermore, both parties agree that the Hostile Work Environment Claim be dismissed. This Court agrees and that claim will also be dismissed.

### II. Plaintiff's Title VII and PHRA Claims

Plaintiff's Title VII claim against the Resort (Count I) and Plaintiff's PHRA claims against the Resort and Defendant Rakus (Count II) will not be dismissed.

Title VII states:

It shall be an unlawful employment practice for an employer . . . to fail or refuse to hire or to discharge any individual, or otherwise to discriminate against any individual with respect to his compensation, terms, conditions, or privileges of

4

> employment, because of such individual's race, color, religion, sex, or national origin. . .

42 U.S.C. § 2000e-2(a)(1).

> The PHRA states:
>
> It shall be an unlawful discriminatory practice. . . For any employer because of the race, color, religious creed, ancestry, age, sex, national origin or non-job related handicap or disability . . . to refuse to hire or employ or contract with, or to bar or to discharge from employment such individual or independent contractor, or to otherwise discriminate against such individual or independent contractor with respect to compensation, hire, tenure, terms, conditions or privileges of employment or contract, if the individual or independent contractor is the best able and most competent to perform the services required.

43 P.S. § 955(a).

"Title VII provides a more expansive reach than § 1981, making it unlawful for an employer to refuse to hire or discharge any individual, or to discriminate against any individual with regards to his compensation, terms, conditions or privileges of employment, because of the individual's race, color, religion, sex or national origin." *Hicks v. Arthur*, 843 F. Supp. 949, 956 (E.D. Pa. 1994). Both Title VII and the PHRA make it unlawful for an employer to discriminate against an employee on the basis of that employee's race, color, religion, sex or national origin. 42 U.S.C. § 2000e-2(a)(1); 43 P.S. § 955(a). The legal analysis is identical for both statutes. *Burgh v. Borough Council of Borough of Montrose*, 251 F.3d 465, 469 (3d Cir. 2001) (citing *Goosby v. Johnson & Johnson Med., Inc.*, 228 F.3d 313, 317 n.3 (3d Cir. 2000)). While the plaintiff in a discriminatory treatment suit must ultimately proffer either direct or circumstantial evidence that the "protected trait played a role in the employer's decision-making process and had a determinative influence on the outcome of that process," *Ulitchney v. Potter*, 2006 WL 1722391, at *2 (M.D.Pa. 2006)

5

(internal citation omitted), this is not necessary for Plaintiff's claim to survive a Motion to Dismiss. "Even post-*Twombly* . . . a plaintiff is not required to establish the elements of a *prima facie* case but instead, need only put forth allegations that 'raise a reasonable expectation that discovery will reveal evidence of the necessary element'." *Fowler v. UPMC Shadyside*, 578 F.3d 203, 214 (3d Cir. 2009) (internal citation omitted).

Here, Plaintiff has alleged sufficient facts for his Claims against the Resort for violations of Title VII and the PHRA to survive a Motion to Dismiss. Plaintiff has alleged that he is black, a protected trait under the statutes. He has further alleged that because he was black, he was treated differently from his fellow, white managers in the way he was scrutinized and not allowed to independently perform his work duties, and that this discrimination led to his being blamed for mistakes at work that were not his fault and ultimately to his termination.

With regard to Plaintiff's PHRA claim against Defendant Rakus, while the explicit language of the 43 P.S. § 955(a) applies only to "employers," § 955(e) makes it unlawful for "any person, employer, employment agency, labor organization or employee to aid, abet, incite, compel, or coerce the doing of any act declared by this section to be an unlawful discriminatory practice." Several of our sister courts have held that a supervisor who fails to take action to prevent discrimination, even if it is his or her own action that is discriminatory, can be liable for aiding and abetting under § 955(e). *See, e.g. Kohn v. Lemmon Co.*, No. 97-3675, 1998 WL 67540, at *8 (E.D. Pa. Feb. 18, 1998) (internal citations omitted). Here, while Plaintiff has not alleged that Defendant Rakus was his supervisor, a fair reading of the Complaint could infer it. Since her alleged discriminatory behavior violates

the PHRA, the individual claim against her for aiding and abetting violation of the PHRA will not be dismissed.

### III.     Plaintiff's 42 U.S.C. § 1981 Claims

Plaintiff's § 1981 Claim will not be dismissed as to Defendant Rakus but will be dismissed as to the other Defendants.

42 U.S.C. § 1981 states:

> All persons within the jurisdiction of the United States shall have the same right in every State and Territory to make and enforce contracts, to sue, be parties, give evidence, and to the full and equal benefit of all laws and proceedings for the security of persons and property as is enjoyed by white citizens, and shall be subject to like punishment, pains, penalties, taxes, licenses, and exactions of every kind, and to no other.

"To establish a right to relief under § 1981, a plaintiff must show (1) that he belongs to a racial minority; (2) 'an intent to discriminate on the basis of race by the defendant; and (3) discrimination concerning one or more of the activities enumerated in' § 1981." *Pryor v. Nat'l Collegiate Athletic Ass'n*, 218 F.3d 548, 569 (3d Cir. 2002). "A § 1981 cause of action in the employment context which is based on racial discrimination must set forth facts to establish that the allegedly disparate treatment was the result of 'intentional' or 'purposeful' discrimination." *Hicks*, 843 F. Supp. at 954 (citing *Weldon v. Kraft*, 896 F.2d 793, 796 (3d Cir. 1990)).

Here, Plaintiff has alleged that he belongs to a rational minority, viz. he is black, and that on the basis of his being black, Defendant Rakus treated him differently from the other, white managers, didn't allow him to perform his job properly, and ultimately fired him on the basis of his being black. Such allegations against Defendant Rakus are sufficient to survive

7

a Motion to Dismiss. Since Plaintiff has alleged no facts that the other Defendants intentionally discriminated against the Plaintiff or even knew anything about Defendant Rakus' alleged discriminatory actions, Count IV will be dismissed as to the other Defendants.

### IV.    Plaintiff's Negligent Violation of Title VII Claim against the Resort

Plaintiff's Negligent Violation of Title VII Claim against the Resort (Count III) will also be dismissed. The Third Circuit has only recognized claims for Negligent Violation of Title VII in the context of sexual harassment claims. *See, e.g., Turlip v. N. Pocono Sch. Dist.*, 2006 U.S. Dist. LEXIS 12012 (M.D. Pa. March 6, 2006). Since Plaintiff is not alleging sexual harassment under Title VII, this claim will be dismissed.

### V.    Plaintiff's Claim for Punitive Damages

Plaintiff's Claim for Punitive Damages will be dismissed. Punitive damages under § 1981 or Title VII require a plaintiff to show that an employer "engaged in a discriminatory practice or discriminatory practices with malice or with reckless indifference to the federally protected rights of an aggrieved individual." *Kolstad v. Am. Dental Ass'n*, 527 U.S. 526, 534 (1999). "Malice" and "reckless indifference" address the employer's knowledge that it may be acting in a way that violates federal law. *Kolstad*, 527 U.S. at 535. Plaintiff argues that he should be entitled to punitive damages because the alleged racial discrimination continued after he complained about how he was being treated, but the Court agrees with Defendants that Plaintiff makes no allegations supporting the claim that he made such a complaint, specifically: who he complained to, when he complained, etc. As a result, Plaintiff's Claim for Punitive Damages will be dismissed.

## **CONCLUSION**

For the foregoing reasons, Defendants' Motion to Dismiss (Doc. 13) will be granted in part and denied in part. An appropriate Order follows.


  12/7/10                                              /s/ A. Richard Caputo  
Date                                                   A. Richard Caputo  
                                                                        United States District Judge

# IN THE UNITED STATES DISTRICT COURT
# FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

MARC CAMEAU,

    Plaintiff,

CIVIL ACTION NO. 3:10-CV-1249

(JUDGE CAPUTO)

MOUNT AIRY #1 LLC, t/a MOUNT AIRY CASINO RESORT, MARY RAKUS, YOKASTA (LNU), and DONALD BUZNEY,

    Defendants,

## ORDER

**NOW**, this ____7th____ day of December, 2010, **IT IS HEREBY ORDERED** that Defendants' Motion to Dismiss (Doc. 13) is **GRANTED** in part and **DENIED** in part as follows:

(1) All claims against Defendants Yokasta and Buzzny are dismissed.

(2) The Title VII Claim (Count I) against Defendant Mount Airy Casino Resort is not dismissed.

(3) The PHRA Claims (Count II) against Defendants Mount Airy Casino Resort and Rakus are not dismissed.

(4) The Negligent Violation of Title VII Claim against Defendant Mount Airy Casino Resort (Count III) is dismissed.

(5) The 42 U.S.C. § 1981 Claim against Defendant Rakus (Count IV) is not dismissed. It is dismissed as to the other Defendants.

(6) The Claim for Punitive Damages is dismissed.

                                    /s/ A. Richard Caputo
                                  A. Richard Caputo
                                  United States District Judge